**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4538**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDRES TYRONE LEE MCCORMICK,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:19-cr-00472-LCB-1)

Submitted:  July 20, 2021                    Decided:  July 22, 2021

Before WILKINSON, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Craig M. Cooley, COOLEY LAW OFFICE, Cary, North Carolina, for Appellant.  Tanner Lawrence Kroeger, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andres Tyrone Lee McCormick pled guilty, pursuant to a written plea agreement, to distribution of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced McCormick to 70 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal. Although notified of his right to do so, McCormick has not filed a pro se supplemental brief. The Government declined to file a brief. We affirm the district court's judgment.

Prior to accepting a guilty plea, a court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the nature of the charge to which he is pleading guilty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). The court also must ensure that the defendant's plea is voluntary, supported by a sufficient factual basis, and not the result of force, threats, or extrinsic promises. Fed. R. Crim. P. 11(b)(2)-(3); *Williams*, 811 F.3d at 622; *see also United States v. DeFusco*, 949 F.2d 114, 119-20 (4th Cir. 1991). Because McCormick did not move to withdraw his guilty plea or otherwise preserve any error in the plea proceedings, we review the adequacy of the plea colloquy for plain error. *Williams*, 811 F.3d at 622. Our review of the record establishes that the district court substantially complied with Rule 11 and that McCormick's guilty plea was knowing, voluntary, and supported by an independent factual basis. Accordingly, McCormick's guilty plea is valid.

We review a sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider, among other things, whether the district court properly calculated the defendant's Sentencing Guidelines range. *Id.* If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* "Any sentence that is within . . . a properly calculated Guidelines range is presumptively reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

At sentencing, the district court correctly calculated McCormick's advisory Sentencing Guidelines range, provided an opportunity for the parties to argue for an appropriate sentence, and afforded McCormick an opportunity to allocute. In explaining the sentence, the court weighed the § 3553(a) factors it deemed most relevant, including the nature and circumstance of the offense; McCormick's history and characteristics; and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. We conclude that McCormick has failed to rebut the presumption of reasonableness that we afford his within-Guidelines-range sentence. Thus, McCormick's sentence is procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for review. We therefore affirm the district court's judgment. This court requires that counsel inform McCormick, in writing, of the right to petition the Supreme Court of the United States for further review. If McCormick requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McCormick.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*